KATHRYN KENEALLY
Assistant Attorney General

**JEREMY N. HENDON, OSB #982490**
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 353-2466
Facsimile: (202) 307-0054
Email: Jeremy.Hendon@usdoj.gov
       Western.Taxcivil@usdoj.gov
*Attorneys for Plaintiff*

AMANDA MARSHALL
United States Attorney
District of Oregon
*Of Counsel*

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No.: 6:12-cv-1925-AA |
| **Plaintiff,** | |
| v. | **ORDER OF FORECLOSURE AND JUDICIAL SALE** |
| **MARVIN E. MAHRT; BONNIE J. MAHRT; CHILDREN IN NEED OUTREACH; and DESCHUTES COUNTY TAX COLLECTOR, Defendants.** | |

The parties' Joint Motion for Entry of Judgment is hereby GRANTED and this Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403. The Court hereby orders as follows:

ORDER OF FORECLOSURE
AND JUDICIAL SALE                          - 1 -

1.Marvin E. Mahrt and Bonnie J. Mahrt (collectively "Defendants") are indebted, jointly and severally, to the United States of America ("United States") for unpaid federal taxes for the tax period ending December 31, 2008, plus interest and statutory additions accruing after the dates of assessments pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid. On _____, 2013, the Court entered judgment in favor of the United States and against Defendants in the amount of $1,002,721.83, plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, 28 U.S.C. § 1961(c) and other statutory additions running from September 30, 2011, until paid in full.

2.The property sought to be foreclosed by this action consists of one parcel of property located at 63110 Don Jr. Lane, Bend, Oregon 97701 (the "subject property"). The legal description of the subject property is as follows:

> A tract of land in Section 19, Township 17 South, Range 13 East of the Willamette Meridian, Deschutes County, Oregon, more particularly described as follows: Commencing at the Northeast corner of said Section 19; thence North 89°59'15" West, 948.83 feet; thence South 00°28'15" East, 418.85 feet; thence South 89°59'15" East, 312.00 feet; thence South 00°28'15" East 471.74 feet to the true point of beginning. Thence South 00°28'15" East 430.00 feet; thence South 89°59'45" West, 530.00 feet; thence North 00°28'15" West, 430.00 feet; thence North 89°59'45" East, 530.00 feet to the point of beginning.

3.On or about November 17, 2003, Marvin E. Mahrt acquired the subject property via a Warranty Deed.

4.On or about July 29, 2009, Defendants purportedly transferred title to the subject property to Children in Need Outreach. Although such transfer was a fraudulent transfer and has no effect, Defendants caused title to the subject property to be transferred back to them on April

12, 2013, and a deed effecting such transfer was recorded with the Deschutes County Recorder's Office on April 12, 2013.

    5.     The United States has valid and subsisting tax liens on all property and rights to property of Defendants, including the subject property, arising from the assessments described in paragraph 13 of the Complaint, which tax liens are effective as of the dates of those assessments. The United States further protected its liens by filing various Notices of Federal Tax Lien in the Deschutes County Recorder's Office

    6.     Section 7403 of Title 26 (U.S.C.) entitles the United States to enforce its liens against the subject property in order to apply the proceeds towards Defendants' federal tax liabilities.

    7.     The United States' federal tax liens against the subject property are hereby foreclosed. The United States Marshal for the District of Oregon, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the subject property, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sales under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sale as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

    8.     The United States Marshal for the District of Oregon, his/her representative, or a PALS representative is authorized to have free access to the subject property and to take all

actions necessary to preserve that property including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

9. The terms and conditions of the sale are as follows:

    a. Except as otherwise stated herein, the sale shall be by public auction to the highest bidder, free and clear of all liens and interests.

    b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

    c. The sale shall be held at the Deschutes County Courthouse, on the subject property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

    d. Notice of the sale or sales shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Deschutes County, Oregon, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. **State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law and State or local law regarding redemption**

        **rights do not apply to these sales.** The notice or notices of sale shall describe the subject property and shall contain the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale.

e.    The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder;

f.    Bidders shall be required to DEPOSIT at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of ten percent of the bid with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Oregon. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g.    The balance of the purchase price of the subject property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted by a certified or cashier's check payable to the United States District Court for the District of Oregon. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be

ORDER OF FORECLOSURE
AND JUDICIAL SALE        - 5 -

        forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to Defendants' federal tax liabilities at issue herein. The subject property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second highest bidder or bidders. The United States may bid as a credit against its judgment without tender of cash.

h.    The sale of the subject property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

i.    Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the subject property to the purchaser or purchasers.

j.    Upon confirmation of the sale, the interests of, liens against, or claims to the subject property held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. **Redemption rights under state or local law shall not apply to this sale under federal law.**

        k.      Upon confirmation of the sale, the purchaser or purchasers shall have the recorder of deeds, Deschutes County, Oregon, to cause transfer of the subject property to be reflected upon that County's register of title.

    10.    Until the subject property is sold, Defendants shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the subject property. They shall not commit waste against the subject property, nor shall they cause or permit anyone else to do so. They shall not do anything that tends to reduce the value or marketability of the subject property, nor shall they cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of court and punishable as such.**

    11.    All persons occupying the subject property shall leave and vacate permanently such property no later than 21 days after the 7-month stay of this Order, described in paragraph 15, below, expires, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the subject property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property is being conducted by a PALS representative. If any person fails or refuses to remove his or her

personal property from the subject property by the time specified herein, the personal property remaining at the subject property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

12. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the subject property is confirmed by this Court, the subject property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court to the purchasers thereof.

13. Defendants shall file a forwarding address with the Court within 30 days of the date of this Order, and serve a copy of the same upon the United States and all other parties to this litigation. If Defendants, and any other persons occupying the subject property, vacates the subject property prior to the deadline set forth in paragraph 11, above, such person shall notify counsel for the United States no later than 2 business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by leaving a message for said counsel, Jeremy N. Hendon, at (202) 353-2466.

14. The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser into the registry of the court. Upon appropriate motion for disbursement or stipulation of the parties, the court will disburse the funds in the following order of preference until these expenses and liens are satisfied: first, to the IRS, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the subject property

ORDER OF FORECLOSURE
AND JUDICIAL SALE                          - 8 -

pending sale and confirmation by the Court; and second, to the United States of America to satisfy or partially satisfy Defendants' federal tax liabilities at issue herein.

15. This Order is stayed for a period of seven (7) months after the date on which it is signed except for the provisions contained in paragraphs 1 and 10, above, which shall take effect the date on which this order is signed.

DATED this 3RD day of December, 2013.

Ann Aiken

UNITED STATES DISTRICT JUDGE

Submitted by:

/s/ Jeremy N. Hendon
JEREMY N. HENDON, OSB #982490
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683